United States District Court
Southern District of Texas

**ENTERED**

November 10, 2016

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD B. ALCANTAR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3691 |
| | § | |
| CAMERON INTERNATIONAL CORPORATION | § | |
| d/b/a CAMERON SYSTEM CORPORATION and | § | |
| LIZ DUARTE, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendants Cameron International Corporation ("Cameron") and Liz Duarte. Dkt. 14. Plaintiff Richard B. Alcantar did not file a response to the motion.[1] After considering the motion, summary judgment evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is an employment discrimination case in which Alcantar contends that the defendants terminated Alcantar's employment because of his age and then coerced him to sign a severance agreement that waives legal claims against Cameron. Dkt. 7. The second amended complaint states that "Cameron violated Title VII and the [Age Discrimination in Employment Act ("ADEA")] by terminating Mr. Alcantar solely on the basis of age, as . . . Alcantar is 45, and thus is older than the 40 years at age required for protection by the ADEA." *Id.* Alcantar signed a severance agreement

---

[1] Under Southern District of Texas Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. The court therefore deems the motion unopposed.

that included a waiver of the right to sue under the ADEA, but Alcantar contends that he did not knowingly and voluntarily waive his ADEA rights. *Id.* Alcantar also asserts various contractual defenses to the enforceability of the waiver. *Id.*

Alcantar filed a charge of discrimination with the Equal Employment Opportunity Commissions ("EEOC") on September 4, 2015. Dkt. 14-3, Ex. 1. The charge states that on April 16, 2015, Alcantar was discriminated against due to his age in violation of the ADEA. *Id.* On September 15, 2015, the EEOC dismissed the charge and sent Alcantar a notice of his right to sue. *Id.* The notice states that a lawsuit must be filed within ninety days of receipt of the notice or the right to sue will be lost. *Id.* Alcantar filed this lawsuit on December 21, 2015, which is ninety-seven days after the date on the notice of dismissal and right to sue. *See* Dkt. 1.

Cameron and Duarte move for summary judgment on the claim against Cameron because (1) Alcantar failed to sue within ninety days of receiving the notice of dismissal and right-to-sue letter from the EEOC; (2) Alcantar executed an enforceable release of all claims; and (3) Alcantar cannot establish that his discharge was a pretext for age discrimination. Dkt. 14. Cameron and Duarte move for summary judgment on the claim against Duarte because there is no cause of action against an individual under the ADEA. *Id.* Alcantar did not file a response to the motion for summary judgment.[2]

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] Alcantar did file a motion to continue three days before the response was due. *See* Dkt. 15. The court denied the motion to continue because Alcantar was requesting a continuance to conduct discovery even though the discovery deadline has passed. *See* Dkt. 18.

Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

With regard to the claim against Cameron, the court need only consider the first argument—that Alcantar did not timely file his claim within ninety days of receiving notification that his EEOC complaint was dismissed.  "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).  Under the ADEA, a complainant must bring a civil action within ninety days after receiving the EEOC notice that the EEOC complaint is dismissed. 29 U.S.C. § 626(e); *Julian v. City of Hous.*, 314 F.3d 721, 726 (5th Cir. 2002).  The "ninety day period of limitations begins to run on the date that the EEOC right-to-sue letter [and notice or dismissal] is *received*." *Taylor*, 296 F.3d at 379; *see Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).

The notice of dismissal/right-to-sue letter in this case indicates that it was mailed on September 16, 2015.  Dkt. 14-3, Ex. 1.  During Alcantar's deposition, Cameron's counsel asked Alcantar if he remembered receiving letter from the EEOC notifying him of his right to sue. Dkt. 14-

1 at 41.  Alcantar agreed that he received the letter, but, with regard to when, he stated, "Well, I don't remember.  I don't know what day it arrived or any of that."  *Id.*

Under Fifth Circuit law, if a plaintiff does not allege the specific date he or she received the notice from the EEOC and the date the letter was received is unknown, then "a presumption of receipt is appropriate."  *Taylor*, 296 F.3d at 379–80.  A presumption that the plaintiff received the notice three days from the date of mailing is sufficient.  *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 411 (5th Cir. 2003); *see also Jenkins*, 784 F.3d at 267 (stating that the Fifth Circuit had "repeatedly noted that a three-day presumption is permissible, and have applied such a presumption" and concluding that "where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days").  Here, the letter was mailed on September 15, 2015, and it is presumed that Alcantar received it by, at the latest, September 18, 2015.  Alcantar did not file this lawsuit until December 21, 2015, which is more than ninety days after Alcantar is presumed to have received the notice.  Alcantar thus did not timely file this claim within ninety days of receiving the notice.  Cameron and Duarte's motion for summary judgment on the ADEA claim against Cameron is GRANTED.  Alcantar's ADEA claim against Cameron is DISMISSED as untimely.

With regard to the claim against Duarte, Cameron and Duarte argue that an ADEA claim cannot be maintained against an individual.  This is correct.  The ADEA "authorizes suit against employers for age discrimination," but it "'provides no basis for individual liability for supervisory employees.'"  *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)).  Cameron and Duarte's motion for summary judgment on the ADEA claim against Duarte is GRANTED.  Alcantar's ADEA claim against Duarte is DISMISSED.

## IV. CONCLUSION

Cameron and Duarte's motion for summary judgment is GRANTED.  Alcantar's claims against Cameron and Duarte are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 10, 2016.

_____
Gray H. Miller
United States District Judge